IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NOS.  3:19-00246-09
                                              3:20-00043

WESTON DALLAS MCDANIELS

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Weston Dallas McDaniels' *pro se* letter-form motion for compassionate release and for the Court to direct the Bureau of Prisons (BOP) to recalculate the amount of time he has left to serve on his sentence. ECF No. 582 in case 3:19-00246-09; ECF No. 35 in case 3:20-00043. The Government has filed a Response in opposition to the motion. Upon consideration of the arguments made by the parties, the motion is **DENIED**.

On June 16, 2020, Defendant pled guilty to conspiracy to distribute 100 grams or more of heroin as charged in Count One of the Second Superseding Indictment filed in this district (Case No. 3:20-00246-09) and possession with intent to distribute 100 grams or more of heroin as charged in Count One of an Indictment that was returned in the Northern District of Ohio and then transferred to this district (Case No. 3:20-00043). On December 6, 2021, Defendant was sentenced to a term of 42 months for each offense. The Court ordered that these two sentences were to run concurrent with one another for a total of 42 months. At the time Defendant was sentenced by this Court, however, he had not yet finished a sentence he was serving following a firearms conviction in the Western District of Michigan because he had escaped from custody. Following his

sentencing here, Defendant was transported to FCI Manchester where he remains incarcerated with a projected release date of January 27, 2023. *See* https://www.bop.gov/inmateloc (last visited on Dec. 13, 2022).

On July 6, 2022, Defendant filed a request for compassionate release with the Warden of FCI Manchester, which included a request that the BOP modify how it was calculating the amount of time he already had served on the sentences imposed by this Court. In support of compassionate release, Defendant states that his mother has serious, life-threatening medical issues and desperately needs him home so he can help care for her. As to the length of his incarceration, he complains that the BOP has applied the time he spent incarcerated from September 22, 2019 to February 12, 2020 exclusively to the remainder of his Michigan sentence. Defendant requests that time period also be credited towards the sentences this Court imposed.

Just a few days after making these requests to the Warden and before receiving a response, Defendant wrote his letter-form motion to this Court, generally asking for the same relief. Defendant dated his letter July 11, 2022. It was filed with the Court on July 18, 2022.

Upon direction of the Court, the Government filed its Response to Defendant's motion on August 25, 2022. In its Response, the Government first argues Defendant's motion should be denied because he failed to exhaust his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government then proceeds to argue that, in any event, Defendant has failed to identify "extraordinary and compelling reasons" for a sentence reduction and consideration of

the factors set forth in 18 U.S.C. § 3583(a) weigh against his release. Moreover, the Government asserts the BOP did not error in calculating Defendant's term of imprisonment.

Thereafter, on August 31, 2022, the Court received for the first time from Defendant a copy of the request he made to the Warden on July 6, 2022 and a copy of a successive request he made to the Warden on August 15, 2022. *Inmate Request to Staff* (July 6, 2022), ECF No. 587 at 3 in case 3:19-00246-09; ECF No. 38 at 3 in case 3:20-00043; *Inmate Request to Staff* (August 15, 2022), ECF No. 587 at 4; ECF No. 38 at 4 in case 3:20-00043. His second request is nearly verbatim to his first request.[1] Defendant also sent the Court a copy of the Warden's response dated August 18, 2022, denying his August 16, 2022 request "for Compassionate Release/Reduction in Sentence." *Institutional Response by G. Swaney, Warden* (Aug. 18, 2022), ECF No. 587 at 2 in case 3:19-00246-09; ECF No. 38 at 2 in case 3:20-00043. There is no evidence the Warden ever responded to Defendant's July 6 request.

Following Defendant's *pro se* filings, counsel, who had represented Defendant on his underlying offense, filed a Reply on his behalf on September 20, 2022. In addition to the documents previously submitted by Defendant, counsel submitted an Affidavit from Defendant's stepfather averring to Defendant's mother's serious illness and to his inability to provide her the care she needs due to his employment.[2] *Aff. of Michael Carter* (Sept. 20, 2022), ECF No. 590-4 in case 3:19-00246-09; ECF No. 40-4 in case 3:20-00043. Additionally, counsel attached a letter

---

[1] Defendant added to his second request that his home plan was approved.

[2] Counsel also was able to submit one diagnostic test record for Defendant's mother. *Flexible Sigmoidoscopy* (July 18, 2022), ECF No. 590-5.

from Defendant's father-in-law offering him employment as a laborer after he is released from prison. *Ltr. of Edward Scheffler* (Sept. 17, 2022), ECF No. 590-6 in case 3:19-00246-09; ECF No. 40-6 in case 3:20-00043.

Before the Court addresses the merits of Defendant's arguments for compassionate release, however, it must determine whether Defendant has fulfilled § 3582(c)(1)(A)'s exhaustion requirement. This section "requires a defendant to exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release. But Congress, aware of the BOP's history of extensive delays, also provided a '30-day lapse' alternative, under which a defendant may proceed directly to district court if his request is not acted on within that time." *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) (citing First Step Act § 603(b)(1), 132 Stat. at 5239); 18 U.S.C. § 3582(c)(1)(A) (providing, in part, a defendant may move for compassionate release "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). In other words, a defendant can satisfy exhaustion if he "requests the [BOP] to bring a motion on [his] behalf and *either* fully exhausts all administrative rights to appeal the [BOP]'s decision *or* waits 30 days from the date of [his] initial request to file a motion in the district court." *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (italics original). Although the Fourth Circuit has held the exhaustion requirement is a non-jurisdictional claims-processing rule and can be waived if not raised by the Government,[3] the Government has timely raised it in this case. Thus, the Court is obliged to determine whether Defendant has met this threshold requirement.

---

[3] *Id.* at 130.

In his Reply, Defendant maintains the Court should find he properly exhausted his administrative remedies because, by the time he filed his Reply, more than thirty days had lapsed from when he submitted his requests on July 6 and August 16. Defendant argues it would be both time-consuming and futile to make him refile his motion merely to fulfill the statute's procedural requirements. Although the Court agrees with Defendant that the end result may be that he refiles his motion with the Court, the Court disagrees with Defendant that the procedural process should be ignored and he should be allowed to cavalierly side-step the statutory requirements set forth by Congress.

Here, Defendant neither received a response nor waited thirty days after his July 6 request before he filed his motion with the Court. As the Third Circuit stated in *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020), where thirty days have not passed after a defendant has filed a request with the warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point." 954 F.3d at 597. Similarly, in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit has explained that the exhaustion requirement is "a mandatory condition" that promotes "an orderly system for reviewing compassionate-release applications, not one that incentivizes line jumping." 960 F.3d at 834. In rejecting the defendant's futility argument, the Sixth Circuit further commented that:

> [s]peed matters, yes. But accuracy matters too. Preventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist. These are not interests we should lightly dismiss or re-prioritize.

*Id*. at 835. Moreover, the Sixth Circuit held that, when the Government objects to an untimely motion, the Court cannot carve out an exception and should dismiss the defendant's motion without prejudice. *Id*. at 836.

In this case, Defendant neither received a response from the Warden to his July 6 request nor waited thirty days prior to filing his motion with this Court. Moreover, his motion was filed before he even made his successive request to the Warden on August 16. Given these undisputed facts, it is clear Defendant did not comply with the mandatory exhaustion requirements established by Congress in § 3582(c)(1)(A).[4] As the Government has timely objected to his noncompliance, the Court must deny his motion for compassionate release.

Additionally, to the extent Defendant's request to modify his sentence falls outside the parameters of compassionate release, it also fails. When Defendant committed the instant offenses, he had escaped from a custody on the Michigan sentence he received for being a felon in possession of firearms. Although this Court ordered the sentences it imposed on Defendant's drug offenses to run concurrent with one another, it did not run those sentences concurrent with the unexpired Michigan sentence. Therefore, the Court finds the BOP did not err by crediting

---

[4] Moreover, the Court has no evidence that Defendant ever fully exhausted the Warden's denial of his August 16 request by appealing the denial to the BOP. *See United States v. Mustafa*, No. 7:12-CR-32, 2021 WL 330303, at *2 (W.D. Va. Feb. 1, 2021) ("The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals through the BOP.").

Defendant's period of incarceration from September 22, 2019 to February 12, 2020 exclusively to the remainder of his Michigan sentence before it started the clock on the sentences this Court imposed. Thus, the Court **DENIES** Defendant's request to have the BOP recalculate the time he has served on the sentences this Court imposed.

Accordingly, for the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's compassionate release motion and **DENIES** his argument the BOP has miscalculated the time that should be attributed to the sentences imposed by this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: December 14, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE